IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS TWILLIE, )
    Petitioner, ) Civil Action No. 13-129 Erie
)
v. )
) Magistrate Judge Susan Paradise Baxter
PENNSYLVANIA BOARD OF )
PROBATION AND PAROLE, et al., )
    Respondents. )

# OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Thomas Twillie. [ECF No. 4]. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, he alleges that the Pennsylvania Board of Probation and Parole (the "Board") violated his due process rights when it denied him parole on April 8, 2013. For the reasons set forth below, the petition is denied and a certificate of appealability is denied.

## I.

**A.**  **Relevant Background**

On March 15, 1988, Petitioner was sentenced in the Court of Common Pleas of Erie County at Case No. 1573 of 1987, as follows: 7½ to 15 years of incarceration, after being found guilty of violating 18 Pa.C.S. § 3121 (Rape); and 2 ½ to 5 years of incarceration, after being found guilty of violating 18 Pa.C.S. § 903 (Criminal Conspiracy, Rape). On that same date, he was sentenced at Case No. 1881 of 1987, as follows: 7½ to 15 years of incarceration, after being found guilty of violating 18 Pa.C.S. § 3121 (Rape); 1 ½ to 3 years of incarceration, after being found guilty of violating 18 Pa.C.S. § 2902

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

(Unlawful Restraint); 2 ½ to 5 years of incarceration, after being found guilty of violating 18 Pa.C.S. §2702 (Aggravated Assault); and 1 to 2 years of incarceration, after being found guilty of violating 18 Pa.C.S. § 903 (Criminal Conspiracy, Aggravated Assault). The minimum expiration date for his aggregate sentence was March 20, 2010, and the maximum expiration date is September 20, 2032.

The Board has denied Petitioner parole four times. The last time it denied him parole was by a decision it issued on April 8, 2013, and that is the decision at issue in this case. On that date, the Board informed Petitioner:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> You are to be reviewed in or after December, 2014.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have maintained a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record.
>
> Whether you have completed the department of corrections prescriptive program(s).
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying you parole/reparole was recorded.

(Resp's Ex. 5, ECF No. 11-1 at 16).

In the petition for a writ of habeas corpus that he has filed with this Court, Petitioner alleges that the Board's decision to deny him parole violated his rights under the Due Process Clause. Respondents have filed an answer [ECF No. 11], and Petitioner has filed a reply [ECF No. 12].

2

**B.     Discussion**

**(1)     The Exhaustion Requirement**

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). Because it appears that Pennsylvania law does not provide a mechanism by which a prisoner such as Petitioner can challenge a parole denial based upon due process grounds, Petitioner likely is exempt from the exhaustion requirement. Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005); Roman v. DiGuglielmo, 675 F.3d 204, 209 (3d Cir. 2012) ("[T]he State argues that DeFoy no longer controls because Commonwealth Courts since that decision have adjudicated mandamus actions involving parole denials by the Board and have considered constitutional claims other than *ex post facto* claims…. [T]o the extent there has been any shift in Pennsylvania law, we cannot comfortable say that it is clear enough to alter our decision in DeFoy."). A federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits." Roman, 675 F.3d at 209 (citing, *inter alia*, 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")). Because Petitioner's claims plainly have not merit, this Court "need not address the issue of exhaustion in this case." Id.

**(2)     Petitioner's Due Process Claims Have No Merit**

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty

or property interest which has been interfered with by the state. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (citing Board of Regents, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). Petitioner cannot meet either criteria because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections. Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pennsylvania Bd. of Prob. & Parole, 724 A.2d 319, 323 (Pa. 1999). See also Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010). Because Petitioner cannot establish that he possesses a liberty interest in parole, he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim. Accordingly, the Board's decision did not violate his right to procedural due process.

Petitioner's claim also fails under a substantive due process analysis. The Third Circuit Court has held that "even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). See also Newman, 617 F.3d at 782. The Supreme Court also has held that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" Burkett, 89 F.3d at 139 (citing Perry v. Sindermann, 408 U.S. 593, 597 (1972)). Under substantive due

process, as the term has been construed by the courts, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). Id. at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Block, 631 F.2d at 237.

Importantly, the Third Circuit Court has stressed that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted. Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). That is because the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but rather, something more egregious, which the Third Circuit Court has termed at times "conscience shocking." Hunterson, 308 F.3d at 246-47. It has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." Id. at 247-48. See also Newman, 617 F.3d at 782 ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is *some basis* for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) (emphasis added). Newman, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

Petitioner has not demonstrated that the Board's decision lacked "some basis." As reflected in its April 8, 2013, decision, he was denied parole because, based on an interview, a review of his file, and consideration of the matters set forth in 61 Pa.C.S. § 6135, the Board determined that releasing him on parole presented an unacceptable level of risk to society. Although Petitioner disagrees with the Board's assessment of him and the risk that he presents to society, he has failed to direct the Court to any factor

5

relied upon by the Board that could be described as "conscience shocking." Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights.

**C.** **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.

**II.**

For the reasons set forth above, the petition for a writ of habeas corpus is denied. Also, a certificate of appealability is denied. An appropriate Order follows.

Dated: November 5, 2013
/s/ *Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS TWILLIE, | ) | |
| Petitioner, | ) | Civil Action No. 13-129 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| PENNSYLVANIA BOARD OF | ) | |
| PROBATION AND PAROLE, et al., | ) | |
| Respondents. | ) | |

# ORDER

AND NOW, this 5th day of November, 2013;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED and a certificate of appealability is DENIED. The Clerk of Courts is directed to close this case.

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States Magistrate Judge